## Lovis Rutter *v.* The State.

1. Witness. — A person who, in the same or a different indictment, is charged as a principal, an accomplice, or an accessary in the offense on trial, is not a competent witness for the defendant on trial. This rule disqualifies an indicted adulterer as a witness in behalf of his paramour.

2. Adultery. — The case of *Fox* v. *The State*, 3 Texas Ct. App. 329, cited with approval.

Appeal from the County Court of Parker. Tried below before the Hon. B. L. Richey, County Judge.

For the facts of this case, reference may be had to the case of *Fox* v. *The State*, 3 Texas Ct. App. 329.

No brief for the appellant.

*W. B. Dunham*, for the State.

Ector, P. J. The appellant, with one Emp Fox, was indicted for adultery. She was tried and convicted, and her punishment assessed at a fine of $100. Emp Fox was offered as a witness for the defense generally. The counsel for the State interposed his objection to this witness, upon the ground that "the witness had been jointly indicted with this defendant, and convicted in this court, and had taken

his case to the appellate court upon appeal, where it is still pending." His objection was sustained.

The witness Fox was an incompetent witness. Article 230 of the Penal Code (Pasc. Dig., art. 1826) provides that " persons charged as principals, accomplices, or accessaries, whether in the same indictment or in different indictments, cannot be introduced as witnesses for one another; but they may claim a severance, and, if any one or more be acquitted, they may testify in behalf of the others." *Ellege* v. *The State*, 24 Texas, 79. Since this cause was tried in the lower court, the case of *Emp Fox* v. *The State* has been decided by this court and affirmed, at its last Tyler term. There is no material difference between the two cases, and reference is here made to the opinion of the court in that case.

The judgment of the lower court is affirmed.
*Affirmed.*